## STATE OF NEW HAMPSHIRE

**GRAFTON, SS**                                                                 **SUPERIOR COURT**

                                                                                215-2021-CV-00290

ROBERT HORNE

vs

TOWN OF PLYMOUTH

### COMPLAINT AND REQUEST FOR JURY TRIAL

**NOW COMES**, the Plaintiff, Robert Horne, by and through his attorneys, Normandin, Cheney & O'Neil, PLLC, and hereby makes complaint against the Defendant, Town of Plymouth, and respectfully states as follows:

### PARTIES, JURISDICTION, VENUE & DEMAND FOR TRIAL BY JURY

1. The Plaintiff, Robert Horne, is an individual who presently resides at 3633 Seventh Avenue, S.W., Unit #30, Olympia, Washington.

2. The Defendant, Town of Plymouth, is a municipal corporation with an address of 6 Post Office Square, Plymouth, New Hampshire.

3. This action is to recover damages sustained by Plaintiff following the wrongful termination of his employment by Defendant in violation of State and Federal law on November 9, 2018.

4. Since the Plaintiff's employment, and Defendant's termination of the same, occurred in New Hampshire, jurisdiction is proper in the State of New Hampshire.

5. Since the Defendant operates and does business in Grafton County, venue is proper in Grafton County.

6. The Plaintiff hereby demands a Trial by Jury.

### FACTS COMMON TO ALL COUNTS

7. Plaintiff began employment as a driver/laborer for the Town of Plymouth Highway Department on July 14, 2015.

8. After three years of dutiful employment, the Plaintiff, in July 2018, had a medical condition whereby he had to undergo cervical spine surgery.

9. Plaintiff was disabled as a result of his spine surgery.

10. Plaintiff submitted necessary documentation completed by his surgeon, as required by the Defendant, to obtain and effectuate his right to a 12-week leave of absence from employment under the Family Medical Leave Act, 29 U.S.C. §2601, *et. seq.*, (FMLA).

11. Plaintiff continued to work for Defendant right up until July 17, 2018, the date upon which he underwent cervical spine fusion surgery.

12. While recovering from surgery and utilizing his right to a leave of absence guaranteed by law, Plaintiff without pay watched certain training videos that the Highway Department Manager, Joseph Fagnant, had requested of him. Nevertheless, Mr. Fagnant acted in a manner to indicate that he was irritated with Plaintiff's exercise of his legal rights and had no patience for Plaintiff's absence from work.

13. Mr. Fagnant had Plaintiff "check in" on several occasions as to his medical condition and status.

14. On one occasion, Mr. Fagnant confronted Plaintiff at a restaurant at lunchtime and claimed that there was evidence that Plaintiff had been out jogging while supposedly disabled from working. Plaintiff denied that he had been out jogging.

15. Plaintiff returned to work on October 10, 2018, just as his FMLA leave period was about to be exhausted. Plaintiff worked part-time, three days per week for two weeks, at that time.

16. Plaintiff experienced a recurrence of some cervical spine symptoms following his return to work.

17. Mr. Fagnant was not happy that Plaintiff was working only part-time and had experienced a recurrence of some cervical spine symptoms.

18. Defendant provided Plaintiff with an Americans With Disabilities Act (ADA) form for Plaintiff's physician to complete. Plaintiff was instructed to return the form to the Defendant by November 9, 2018.

19. Plaintiff provided the ADA form to his surgeon who immediately completed same. Plaintiff returned the ADA form to the Defendant on November 5, 2018, along with his surgeon's work note dated November 2, 2018.

20. Plaintiff's surgeon's work note and ADA form provided that Plaintiff could return to work on November 12, 2018, at which time he could drive and perform light mechanical work, but no over-head lifting work greater than 10 pounds, for three days per week for four weeks.

21. Plaintiff's surgeon's work note and ADA form provided that Plaintiff was able to resume full-duty work after four weeks.

22. After Plaintiff returned the ADA form and surgeon's work note, Defendant did not have any further discussions with Plaintiff or request any further information from Plaintiff or Plaintiff's surgeon.

23. Mr. Fagnant advised Plaintiff that he needed to meet with Defendant's Human Resources Administrator on November 9, 2018 to complete some additional paperwork.

24. On November 9, 2018, Plaintiff met with the Human Resources Administrator as requested.  Plaintiff was handed correspondence dated November 9, 2018 signed by the Defendant's Town Administrator stating that his employment was terminated because he could not perform the essential functions of his job, with or without reasonable accommodation.

## **CAUSES OF ACTION**

## **COUNT I – VIOLATION OF AMERICANS WITH DISABILITIES ACT**

25. Plaintiff restates and incorporates herein all facts as set forth here above.

26. Plaintiff was suffering from a disability within the means of the Americans With Disabilities Act, 29 U.S.C. §12102 (2).

27. Plaintiff requested Defendant provide a reasonable work accommodation as set forth in the ADA form and work note completed and signed by Plaintiff's surgeon/physician that was delivered to Defendant which sought the reasonable accommodation that Plaintiff work 3 days per week performing driving and light mechanical work for a period of 4 weeks after which Plaintiff would return to full duty work.

28. Plaintiff was able to perform the essential functions of his job, either with or without reasonable accommodation.

29. Defendant did not engage in the interactive process required by ADA law and regulations.

30. Defendant did not and cannot demonstrate that the work accommodation requested by Plaintiff created and would cause an undue hardship for Defendant.

31. Defendant refused Plaintiff's requested reasonable accommodation and terminated Plaintiff's employment contrary to 42 U.S.C. §12112 and in violation of Plaintiff's civil rights.

32. As a result of Defendant's violation of Plaintiff's civil rights, Plaintiff suffered damages.

## COUNT II – VIOLATION OF STATE CIVIL RIGHTS

33. Plaintiff restates and incorporates herein all facts as set forth here above.

34. Plaintiff was a "qualified individual with a disability" pursuant to State law. RSA 354-A:2 XIV-a.

35. Defendant failed to make a reasonable accommodation for the known physical limitations of the Plaintiff in violation of RSA 354-A:7 VII.

36. Defendant did not and cannot demonstrate that the accommodation requested by Plaintiff imposed an undue hardship upon Defendant pursuant to RSA 354-A:2 XIV-d.

37. Defendant terminated Plaintiff's employment and otherwise discriminated against Plaintiff because of disability in violation of RSA 354-A:7 I.

38. Defendant violated Plaintiff's civil rights under State law. NH RSA 354-A:6.

39. As a result of Defendant's violations of Plaintiff's State civil rights, Plaintiff suffered damages.

## COUNT III – VIOLATION OF FEDERAL PROHIBITED ACTS

40. Plaintiff restates and incorporates herein all facts as set forth here above.

41. Plaintiff exercised his legal rights to the minimum leave period guaranteed by Federal law pursuant to the Family Medical Leave Act, 29 U.S.C. §2601, *et. seq*.

42. Defendant discharged Plaintiff from employment shortly after Plaintiff exercised his legal leave rights.

43. There is a causal connection between Defendant's termination of Plaintiff's employment and Plaintiff's exercise of his rights guaranteed by law.

44. Defendant, knowingly or with reckless disregard for Plaintiff's rights, interfered with and retaliated against Plaintiff for the exercise of his legal rights.

45. Defendant willfully interfered with and retaliated against Plaintiff in violation of 29 U.S.C. §2605.

46. As a result of Defendant's prohibited acts, Plaintiff suffered damages.

## DAMAGES OF THE PLAINTIFF, ROBERT HORNE

A. Loss of Wages

B. Loss of Employment Benefits

C. Economic Damages, Out-of-Pocket Losses and Financial Hardship

D. Compensatory Damages

E. Emotional Anguish and Mental Distress

F. Humiliation, Indignity and Insult

G. Liquidated Double Damages

H. Enhanced Compensatory Damages

I. Punitive Damages

J. Attorneys' Fees and Expenses

**REQUEST FOR RELIEF**

**WHEREFORE**, the Plaintiff, Robert Horne, respectfully demands a Jury Trial; and seeks to recover all damages and losses incurred and suffered, including all damages set forth above; said damages being within the jurisdictional limits of this Honorable Court; together with costs and interest as allowed by law.

Respectfully submitted,

DATE: 10/20/2021

/s/ Robert Horne w/p James F. LaFrance
Robert Horne, Plaintiff

By his Attorneys,
Normandin, Cheney & O'Neil, PLLC

DATE: 10/20/2021

/s/ James F. LaFrance
James F. LaFrance, Esq. (NH Bar #1412)
PO Box 575
Laconia NH 03247-0575
(603) 524-4380
jlafrance@nco-law.com